UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES

-v-

JOEL SPIGELMAN,
                Defendant.

05-CR-960 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

    Joel Spigelman, proceeding *pro se*, has filed two motions: first, a motion captioned "Sentence Imposed in Violation of the Laws of the United States 18 U.S.C. § 3742(a)(1)," arguing that his sentence violates his right against double jeopardy (Dkt. No. 171); and second, a "Motion to Dismiss Indictment Based Upon Fraud on the Court Pursuant to Rule 60(b)," arguing that the Government has committed fraud upon the court by allowing perjured testimony to be submitted during trial and the subsequent habeas corpus proceedings. (Dkt. No. 174.) For the reasons that follow, the motions are denied.

**I.    Background**

    **A.    Initial Proceedings**

    On June 20, 2007, Spigelman was charged in a superseding four-count indictment with intentional murder in connection with a drug conspiracy, murder in aid of racketeering, murder committed with a firearm, and conspiracy to possess and distribute cocaine. *Spigelman v. United States*, No. 10 Civ. 7579, 2012 WL 3594304, at *1 (S.D.N.Y. Aug. 21, 2012).

    A jury trial was held before the honorable Judge Shira A. Scheindlin in July 2007. *Id.* At trial, the Government presented evidence that Spigelman ordered the robbery and murder of a female drug courier who was transporting large quantities of cocaine. *Id.* The Government offered testimony of over a dozen witnesses, including Ricardo Castro-Cubillos ("Castro"). *Id.*

1

Castro was a member of a "robbery crew" with which Spigelman regularly did business; he personally met with Spigelman in connection with the murder and participated in the robbery. *Id.* The jury convicted Spigelman on all four counts and Judge Scheindlin sentenced him to four concurrent life sentences. *Id.*

### B. Direct Appeal

Spigelman appealed his conviction only as to the count for murder committed with a firearm, arguing that the district court erroneously denied his motion to dismiss that count and that the district court's *Pinkerton* charge on that count was not sufficiently clear. *United States v. Rodriguez*, 320 F. App'x 105, 107 (2d Cir. 2009). The Second Circuit rejected Spigelman's appeal and affirmed the judgment of the district court. *Id.* at 107-08. Spigelman petitioned for certiorari to the United States Supreme Court, which was denied on October 5, 2009. *Spigelman v. United States*, 558 U.S. 940 (2009).

### C. 2255 Petition

On September 28, 2010, Spigelman, proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In his petition, Spigelman argued: (1) ineffective assistance of counsel; (2) defective indictment and improper venue; (3) knowing use of false evidence; (4) unreasonableness of life sentence; (5) insufficient evidence; (6) violation of the Double Jeopardy Clause of the United States Constitution; (7) impairment at trial; (8) error by the Second Circuit in deciding his appeal: (9) selective prosecution; and (10) multiple conspiracies. *Spigelman*, 2012 WL 3594304, at *1. In particular, Spigelman's primary argument to support his claim that the Government knowingly used false evidence suggested that the Government knew that "its star . . . witness," Castro, lied on the stand at trial. *Id.* at *9-10.

On August 21, 2012, Judge Scheindlin denied Spigelman's petition in its entirety and declined to grant a certificate of appealability. *Id.* at *14. Spigelman then moved for

2

reconsideration of the denial of his petition, which Judge Scheindlin also denied. (Dkt. No. 137.) Spigelman also moved the Second Circuit for a certificate of appealability with regard to the denied petition; the Second Circuit denied his motion and dismissed the appeal. (Dkt. No. 140.)

Spigelman, proceeding *pro se*, filed a motion with the Second Circuit for leave to file a successive petition under 28 U.S.C. § 2255, which was denied on April 19, 2016. (Dkt. No. 173.)

### D. The Current Motions

Spigelman filed a "Motion to Dismiss Indictment Based Upon Fraud on the Court Pursuant to Rule 60(b)," dated December 12, 2016. (Dkt. No. 174.) In that motion, Spigelman argues that the Government submitted perjured testimony in connection with his § 2255 petition and during trial. (*Id.* at 1.)

This action was reassigned to this Court on January 11, 2017.

Also pending at the time of the case's reassignment was Spigelman's motion, dated October 28, 2015, titled "Sentence Imposed in Violation of the Laws of the United States 18 U.S.C. § 3742(a)(1)." (Dkt. No. 171.) In that motion, Spigelman argues that his sentence amounts to double jeopardy in violation of the United States Constitution. (*Id.* at 3.)

The Court directed the government to respond to each of these motions, which it has. (Dkt. No. 180; Dkt. No. 189.) Spigelman has also filed an additional addendum to his motion to dismiss. (Dkt. No. 183.)

## II. Discussion

The Court first addresses Spigelman's motion challenging his sentence and next addresses his motion to dismiss.

### A. "Sentence Imposed in Violation of the Laws of the United States 18 U.S.C. § 3742(a)(1)"

Spigelman's first motion, dated October 28, 2015, challenges his sentence. (Dkt. No. 171.) The gravamen of his argument is that his right against double jeopardy was violated by the imposition of cumulative punishment for Count One—intentional murder in connection with a drug conspiracy—and Count Four—conspiracy to possess and distribute cocaine. (*Id.*)

Spigelman's motion fails, however, because it is both procedurally improper and untimely. Moreover, Judge Scheindlin already addressed—and denied—this claim on the merits in Spigelman's § 2255 petition.

Spigelman styles his motion as a challenge to his sentence pursuant to 18 U.S.C. § 3742(a)(1). (Dkt. No. 171 at 1.) However, this statute does not provide for district court review of a sentence. Rather, it provides for review by the court of appeals, with a *notice* of appeal to be filed in the district court. *See* 18 U.S.C. § 3742(a) ("A defendant may file a *notice of appeal* in the district court for review of an otherwise final sentence . . . ." (emphasis added)); *id.* § 3742(e)(1) ("Upon review of the record, *the court of appeals* shall determine whether the sentence . . . was imposed in violation of law . . . ." (emphasis added)).

In any event, even construing Spigelman's filing as a notice of appeal, rather than a direct challenge to his sentence in the district court, his filing of such notice would be untimely. Spigelman did not file this motion until late 2015, while his judgment of conviction was entered in January of 2008. (Dkt. No. 66.) This nearly eight-year delay vastly exceeds the two-week window for filing a notice of appeal and the 30-day grace period that courts may allow. Fed. R. App. P. 4(b).

4

As a final matter, Spigelman's argument here was already considered and rejected on the merits by Judge Scheindlin in her ruling on Spigelman's first § 2255 petition. Judge Schieldlin wrote:

> Spigelman also claims that his conviction was a violation of the Double Jeopardy clause of the Constitution because he claims he was convicted twice with regard to the cocaine he had stolen from the female drug courier. It appears that Spigelman is objecting to the fact that he was convicted of murder in connection with a cocaine conspiracy (Count One), which involved some of the same drugs as charged in Count Four of the Indictment, which charged Spigelman with participating in a cocaine conspiracy from at least in or about March 1999 through in or about February 2002.
>
> The Double Jeopardy Clause of the United States Constitution protects against three different scenarios: a second prosecution for the same offense after an acquittal for that offense; a second prosecution for the same offense after conviction for that offense; and multiple punishments for the same offense. An indictment that charges a single offense in separate counts when, in law and in fact, only one crime was committed, is multiplicitous. However, the Double Jeopardy Clause does not prohibit multiple punishments for the same conduct if it violates two distinct statutes.
>
> Here, each of the charges against Spigelman in the S3 Indictment charged a separate offense that necessarily involved different elements, even if the underlying facts were similar. Indeed, the Government often brings charges under more than one criminal statute and under more than one theory of criminal liability. Moreover, Spigelman did not receive multiple punishments for the same offense because his sentences were concurrent on each count of conviction. Because there was no violation of the Double Jeopardy Clause, this claim is dismissed.

*Spigelman*, 2012 WL 3594304, at *11–12 (footnotes omitted).

**B.    "Motion to Dismiss Indictment Based upon Fraud on the Court Pursuant to Rule 60(b)"**

Spigelman's next motion is his "Motion to Dismiss Indictment Based upon Fraud on the Court Pursuant to Rule 60(b)." (Dkt. No. 174.) In that motion, he argues that the Government "knowingly allow[ed] perjured testimony to be submitted to the district court judge during the

5

2255 habeas corpus petition and during trial." (*Id.* at 1.) In particular, Spigelman argues that Castro's testimony was false. (*Id.* at 4.) Spigelman asks the Court to conduct an evidentiary hearing and to dismiss the indictment. (*Id.* at 5-6.)

This motion is procedurally improper: It amounts to a back-door challenge to Spigelman's conviction, not a challenge to the integrity of his habeas proceeding. In any event, any challenge would be untimely. Because the motion fails due to these procedural defects, the Court does not need to address the merits of Spigelman's claims.

"[R]elief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." *United States v. Jones*, 449 F. App'x 77, 78 (2d Cir. 2011) (alteration in original) (quoting *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004)). A motion that "seeks to add a new ground for relief" or that "attacks the federal court's previous resolution of a claim *on the merits*" can only be raised in a successive habeas petition, as compared to a motion identifying "some defect in the integrity of the federal habeas proceedings," which may be considered on a Rule 60(b) motion. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). "[A] Rule 60(b) motion that *attacks the underlying conviction* presents a district court with two procedural options: (i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition, in which case it should be transferred to this Court for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'" *Harris*, 367 F.3d at 82 (quoting *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002)).

Here it is clear that Spigelman's motion does not challenge the integrity of his § 2255 petition but instead attacks his underlying conviction. Spigelman's argument relates to certain testimony offered by Castro *at trial*, suggesting that the testimony presented there was falsified

6

and that the Government knowingly presented this false testimony. (Dkt. No. 174 at 4.) Spigelman's claim on this count thus could have been raised on direct appeal, in his first § 2255 petition, or in his motion for leave to file a subsequent § 2255 petition—but it was not. Indeed, Spigelman *did* challenge other portions of Castro's testimony on his first § 2255 petition, arguing there that the Government had knowingly presented false testimony. *Spigelman*, 2012 WL 3594304, at *9-10. Judge Scheindlin dismissed the claim, and Spigelman has made no argument that the denial, or anything relating to his first § 2255 petition, was defective. *Id.* Given the opportunity to raise these issues earlier, Spigelman cannot now point to different portions of the testimony by Castro to "add a new ground for relief" and use Rule 60(b) to circumvent the requirements of the AEDPA. *Gonzalez*, 545 U.S. at 532. Accordingly, this Court denies Spigelman's motion as beyond the scope of Rule 60(b). *See Harris*, 367 F.3d at 82.

In any event, Spigelman's motion under Rule 60(b) is untimely. Such motions, if based on allegations of fraud, misrepresentation, or misconduct by an opposing party, must be made within a year of the entry of judgment. Fed. R. Civ. P. 60(c)(1). And motions under Rule 60(b)(6), which provides relief for "any other reason," must be "made within a reasonable time," Fed. R. Civ. P. 60(c)(1), which Courts in this Circuit have interpreted to be "within eighteen months of the entry of judgment," absent good cause, *Rowe Entm't v. William Morris Agency Inc.*, No. 98 Civ. 8272, 2012 WL 5464611, at *2 (S.D.N.Y. Nov. 8, 2012). Spigelman's motion is dated December 12, 2016, more than four years after Judge Scheindlin denied his first § 2255 motion and declined to grant a certificate of appealability on August 21, 2012, and more than three years after the Second Circuit dismissed his appeal of that denial on March 20, 2013. The motion is thus untimely even under the more forgiving standard of Rule 60(b)(6).

### III. Conclusion

For the foregoing reasons, Spigelman's motions are DENIED.

The Clerk of Court is directed to close the motions at Docket Number 171 and Docket Number 174.

SO ORDERED.

Dated: May 24, 2017
New York, New York

_____
J. PAUL OETKEN
United States District Judge

*COPY MAILED TO PRO SE PARTY BY CHAMBERS*