UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v-<br><br>JOEL SPIGELMAN,<br>                           Defendant. | 05-CR-960 (JPO)<br><br>ORDER |

J. PAUL OETKEN, District Judge:

      Following a jury trial before Judge Shira A. Scheindlin in 2007, Defendant Joel Spigelman was found guilty of charges involving the robbery and murder of a female drug courier. Judge Scheindlin sentenced him to four concurrent life terms of imprisonment. Defendant has filed a motion for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), in light of the COVID-19 pandemic and his health conditions. (*See* Dkt. No. 202.) The Government has opposed Defendant's motion. (*See* Dkt. No. 203.)

      "A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, No. 02 Cr. 743, 2020 WL 497987, at *1 (S.D.N.Y. Jan. 15, 2020). The First Step Act of 2018 provides that a district court "may reduce [a defendant's] term of imprisonment . . . , after considering the factors set forth in [18 U.S.C.] section 3553(a), . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

      A Sentencing Guidelines policy statement, U.S.S.G. § 1B1.13, outlines circumstances that constitute "extraordinary and compelling reasons" justifying a sentence reduction, including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment

1

of a correctional facility and from which he or she is not expected to recover." U.S.S.G.

§ 1B1.13(1)(A) & cmt. n.1(A).

However, in *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), the Second Circuit held that Guidelines § 1B1.13 — which has not been amended since enactment of the First Step Act — is not "applicable" to compassionate release motions brought by defendants under the statute. 976 F.3d at 236. Thus, "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *Id.* at 237. The court further explained:

> It bears remembering that compassionate release is a misnomer. 18 U.S.C. § 3582(c)(1)(A) in fact speaks of sentence reductions. A district court could, for instance, reduce but not eliminate a defendant's prison sentence, or end the term of imprisonment but impose a significant term of probation or supervised release in its place. Beyond this, a district court's discretion in this area — as in all sentencing matters — is broad. The only statutory limit on what a court may consider to be extraordinary and compelling is that "[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason."

*Id.* at 237-38 (citations omitted; quoting 28 U.S.C. § 994(t) (emphasis added)).

Defendant is a 67-year-old man with a number of medical conditions that place him at heightened risk of serious illness from Covid-19. He contracted Covid-19 in October 2020, was placed in medical isolation, and recovered shortly thereafter. Because he has recovered from the illness, he is unlikely to face imminent risk from Covid-19 itself, which is believed to typically confer immunity for some period of time. While Defendant continues to have other significant health issues, he appears to be receiving appropriate treatment at the Federal Medical Facility at Rochester, Minnesota, where he is housed.

Despite Defendant's medical conditions, a reduction in his sentence is not justified under the sentencing factors in 18 U.S.C. § 3553(a). For the reasons explained by Judge Scheindlin at sentencing, the premediated murder committed by Defendant was an extremely serious, heartless

crime.  Granting early release now, when he has served approximately 15 years of his life sentence, would fall short of serving the statutory purposes of just punishment, reflecting the seriousness of the offense, promoting respect for the law, and affording adequate deterrence to criminal conduct.

      For the foregoing reasons, Defendant's motion for compassionate release is denied.

      The Clerk of Court is directed to close the motion at Docket Number 202.

      The Government is directed to send a copy of this order to Defendant.

      SO ORDERED.

Dated: December 21, 2020
       New York, New York

                                            J. PAUL OETKEN
                                        United States District Judge