UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOEL SPIGELMAN,

               Petitioner,

    -v-

UNITED STATES OF AMERICA,

               Respondent.

05-CR-960 (JPO)

10-CV-7579 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Joel Spigelman, proceeding *pro se*, has filed a motion to vacate the prior denial of his petition for relief under 28 U.S.C. § 2255.

Spigelman seeks relief under Federal Rule of Civil Procedure 60(b)(3), (4), and (6)—which allow a court to relieve a party from a final judgment for reason of fraud, misrepresentation, or misconduct, if the judgment is void, or for any other reason—and under Rule 60(d)(3), which allows a court to set aside a judgment for fraud on the court. (ECF No. 36 at 1.)[1] He urges that relief is necessary because of "defects in the nature of the [§ 2255] proceeding," but his allegations of impropriety all concern the conduct of counsel at his criminal trial and in his criminal appeal. (*See id.* (alleging fraudulent concealment by Assistant U.S. Attorney Michael Maimin and his trial and appellate counsel).) He has also filed a motion in his criminal case asking the Court to take judicial notice of related facts concerning his criminal prosecution.

As a preliminary matter, and as this Court has previously noted in Spigelman's criminal case, a Rule 60(b) motion must be made "within a reasonable time," and no more than a year

---

[1] Citations to the docket are to Case Number 10-CV-7579.

1

after the entry of judgment if made under Rule 60(b)(3).  *United States v. Spigelman*, No. 05-CR-960, 2024 WL 263038, at *1 (S.D.N.Y. Jan. 24, 2024) ("*Spigelman II*") (citing Fed. R. Civ. P. 60(c)(1)).  Courts in this Circuit have interpreted a reasonable time to be "'within eighteen months of the entry of judgment,' absent good cause."  *Id.* (quoting *Rowe Entm't v. William Morris Agency Inc.*, No. 98-CV-8272, 2012 WL 5464611, at *2 (S.D.N.Y. Nov. 8, 2012)).  Because Spigelman files this motion nearly eleven years after Judge Scheindlin denied his habeas petition (*see* ECF No. 22) and nearly ten years after the Second Circuit dismissed his appeal of that denial (*see* ECF No. 28), his Rule 60(b) motion is untimely.

Spigelman's Rule 60 motion is also substantively deficient.  As this Court has previously held, "[r]elief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction."  *United States v. Spigelman*, No. 05-CR-960, 2017 WL 2275022, at *3 (S.D.N.Y. May 24, 2017) ("*Spigelman I*") (quoting *United States v. Jones*, 449 Fed. App'x 77, 78 (2d Cir. 2011) (summary order)).  "[A] Rule 60(b) motion that attacks the underlying conviction presents a district court with two procedural options: (i) the court may treat the Rule 60(b) motion as a second or successive habeas petition, in which case it should be transferred to [the Second Circuit] for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction as beyond the scope of Rule 60(b)."  *Id.* (quoting *Harris v. United States*, 367 F.3d 74, 82 (2d Cir. 2004)) (quotation marks omitted).  The same is true for relief under Rule 60(d).  *See United States v. Torres*, No. 06-CR-987-07, 2015 WL 13034656, at *1 (S.D.N.Y. Aug. 24, 2015) (denying a Rule 60(d) motion because petitioner "does not challenge the proceedings relating to either of the prior § 2255 motions" and only "challeng[es] the underlying conviction").

2

Despite claiming that he challenges defects in the nature of the § 2255 proceeding, Spigelman's motion challenges only the integrity of the underlying criminal conviction and not the integrity of the habeas proceeding.  Although he alleges that Maimin fraudulently concealed "exculpatory & impeachment evidence . . . in oppositi[o]n to pet[it]ioner[']s 28 USC 2255," Maimin never appeared in opposition to the § 2255 petition, which was instead opposed by Marissa Molé on behalf of the government.  (ECF No. 8 at 1.)  Instead, the motion clearly contests the integrity of the criminal proceeding.  (*See generally id.* (discussing prosecutorial misconduct, a plea agreement, fabrication of evidence, and exculpatory and impeachment evidence).)  Accordingly, the motion is denied as beyond the scope of Rule 60.  *See Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002); *Torres*, 2015 WL 13034656, at *1.

"[Spigelman's] motion effectively is a successive § 2255 petition, which cannot be considered by this Court without leave from the Second Circuit . . . , and the Second Circuit already denied [Spigelman's] motion for a . . . successive § 2255 petition."  *Pena v. United States*, 859 F. Supp. 2d 693, 697 (S.D.N.Y. 2012).  As the Second Circuit explained in its order denying Spigelman's fourth motion for leave to file a successive petition in his criminal case, he has not made the requisite showing under § 2255(h).  *United States v. Spigelman*, No. 05-CR-960, ECF No. 240 at 2-3 (Second Circuit Order in 23-6291 & 23-6450 dated Oct. 17, 2023; mandate issued Dec. 27, 2023) (holding that Spigelman failed to show that any alleged new evidence could not have been discovered prior to the filing of his prior motion or that any relevant new rules of constitutional law apply to the facts of his case).

For the foregoing reasons, Spigelman's motion for relief under Rule 60 is denied.

The Clerk of Court is directed to docket this order in Case Numbers 05-CR-960 and 10-CV-7579 and to close the motion at Docket Number 36 in Case Number 10-CV-7579.

The Clerk of Court is also directed to mail a copy of this Order to Mr. Spigelman at the address below and to update the docket with that address.

SO ORDERED.

Dated: March 20, 2026
      New York, New York

_____
J. PAUL OETKEN
United States District Judge

Mailing Address:

Joel Spigelman
#57380-004
Federal Medical Center
PMB 4000
Rochester, MN 55903-4000

4